UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>16-CR-20869-FAM</u>

UNITED STATES OF AMERICA

vs.

MARTIN EBENHACK,

      Defendant.

_____/

## STIPULATED FACTUAL PROFFER

Had this case proceeded to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

1.    In July 2015, law enforcement accessed investigative software and identified a computer utilizing IP address 73.46.84.152 ("IP Address #1") that possessed files with hash values indicative of suspected child pornography.

2.    In May 2016, law enforcement learned that the same user of IP Address #1 was utilizing an additional IP address, and further observed that the user associated with the second IP address also possessed files with SHA-1 hash values unique to files previously identified as images of suspected child pornography.

3.    Law enforcement determined that the IP Address #1 was associated with a residence located at 601 Oriole Avenue, Miami Springs, Florida (the "Target Residence"). Comcast business records indicated that the IP Addresses had been assigned to Martin EBENHACK.

4.    Law enforcement obtained a search warrant from a United States Magistrate Judge to search the Target Residence. On September 28, 2016, law enforcement executed the search

warrant and seized numerous pieces of electronic media, including an HP desktop computer, that was located in EBENHACK's garage. A preliminary analysis of the computer revealed peer to peer file sharing software and multiple video files of child pornography.

5. Forensic examination further revealed that certain child pornography files had been downloaded and placed into the shared folder on the HP desktop computer on August 21, 2016.

6. Law enforcement read EBENHACK his *Miranda*-rights and EBENHACK agreed to speak to law enforcement. During the interview, he admitted to viewing and receiving child pornography on his HP desktop computer.

These events occurred in Miami-Dade County in the Southern District of Florida. The Parties agree that these facts, which do not include all of the facts known to the Government and to the defendant, are sufficient to prove that the defendant did knowingly receive child pornography, as charged in Count 1 of the Information, in violation of Title 18 United States Code, Sections 2252(a)(2) and (b)(1).

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 2/22/17    By: _____
                 CARY ARONOVITZ
                 ASSISTANT UNITED STATES ATTORNEY

Date: 2/21/17    By: _____
                 MANUEL CASABIELLE
                 ATTORNEY FOR DEFENDANT

Date: 2/21/17    By: _____
                 MARTIN EBENHACK
                 DEFENDANT

2